IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GRACE LOVELESS, | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | A-11-CV-740-LY |
| | § | |
| TEXAS DEPARTMENT OF ASSISTIVE | § | |
| AND REHABILITATIVE SERVICES, | § | |
|     Defendant. | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

      Before the Court are Defendant's Motion for Summary Judgment (Dkt. No. 11), Defendant's Supplement to its Motion for Summary Judgment (Dkt. No. 12), Plaintiff's Response in Opposition (Dkt. No. 16), Plaintiff's Supplement to its Response (Dkt. No. 17), and Defendant's Reply (Dkt. No. 20). The Court also considered Defendant's Objections to Plaintiff's Declarations in Plaintiff's Response (Dkt. No. 19) in rendering this Report and Recommendation. The District Court referred the above-motion to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. BACKGROUND**

      Plaintiff Grace Loveless ("Loveless"), an African-American woman currently employed by Defendant Texas Department of Assistive and Rehabilitative Services ("TDARS"), brings the instant suit under Title VII of the Civil Rights Act of 1964, alleging that TDARS "willfully discriminated

against [her] on the basis of her race and in retaliation for filing a racial discrimination complaint." Dkt. No. 5, ¶ 8. Loveless began working for TDARS in 1999 and is currently a Program Consultant. Dkt. No. 11 at 3. In that capacity, Loveless is responsible for "identifying deficiencies and improving the performance of disability examiners." Dkt. No. 16 at 1.

In this case, Loveless contends that due to her race she was passed over several times in 2010 for a promotion to the position of Operations Unit Manager ("OUM"). Dkt. No. 5. In particular, Loveless asserts that TDARS discriminated against her by not promoting her to two open OUM positions in April 2010, one OUM position in May/June 2010, and one OUM position in November 2010. *Id.* ¶ 8. TDARS hired one man and one woman, both Caucasian, for the open OUM positions in April 2010. Dkt. No. 17, Exh. B, ¶ 9 [hereinafter Loveless Declaration]. TDARS hired a Hispanic woman for the OUM position in May/June 2010 and an African-American man for the OUM position in November 2010. Dkt. No. 11 at 4.

After she was not selected for the OUM positions in April, Loveless filed an internal administrative complaint with the Texas Health and Human Services Commission ("HHS") on May 5, 2010, seeking to learn more about why she was not selected for the two OUM positions. Dkt. No. 11, Attachment 3. In particular, Loveless sought an explanation as to how her years of experience, knowledge of policy, and education factored into the decision-making process. *Id.* On May 19, 2010, the Receiving Supervisor, Ruben Guerrero, responded to Loveless's complaint, noting that he (1) had met with her on May 14, 2010; (2) discussed the selection process for the two OUM positions; and (3) explained that she had not demonstrated that she was one of the two applicants most qualified for the job when considering her application screening score and her interview score. *Id.* Loveless appealed this decision but upon further review, HHS issued its final decision on June 15, 2010, finding that the most qualified applicants were selected for the positions. *Id.* In the

meantime, Loveless had filed another internal administrative complaint, asserting that Guerrero had reached over the table and pointed his finger in her face during their meeting to discuss Loveless's first administrative complaint. Dkt. No. 11, Attachment 4. Loveless stated that she felt threatened and intimidated by Guerrero's actions.[1] *Id.* As a result, Loveless also claims that TDARS's failure to promote her to the OUM positions in May/June 2010 and November 2010 was in retaliation for the racial discrimination complaint she had filed against TDARS. Dkt. No. 5, ¶ 8. However, in neither of these administrative complaints did Loveless assert claims of racial discrimination against TDARS for failure to promote her to the OUM position. It was not until September 23, 2010, that Loveless submitted a charge of discrimination with the Texas Workforce Commission and the EEOC, alleging that TDARS discriminated against her based on her race when it did not select her for the OUM position in April 2010. Dkt. No. 11, Attachment 6.

## II. STANDARD OF REVIEW

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec.*

---

[1] From the record, it is unclear what decision was ultimately reached on Loveless's second administrative complaint.

*Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id*. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006).

### III.  ANALYSIS

In its Motion for Summary Judgment, TDARS contends that it is entitled to judgment as a matter of law because Loveless (1) has failed to exhaust her administrative remedies with regard to her claims of racial discrimination and retaliation in relation to TDARS's failure to promote her in May and November 2010; (2) cannot establish that TDARS failed to promote her due to her race; (3) cannot establish that TDARS failed to promote her in May/June or November 2010 due to her race; and (4) cannot establish that TDARS's proffered reason for not promoting her was a pretext for discrimination or retaliation. Dkt. No. 11 at 2. TDARS submits that Loveless was not hired for the OUM positions in 2010 because she was not the most qualified candidate for the job. Dkt. No.

11 at 9. Loveless argues that she has presented sufficient evidence to allow a reasonable fact-finder to conclude that TDARS discriminated against her based on her race in making its hiring decision for the two OUM positions in April 2010. Dkt. No. 16. More specifically, Loveless points to the fact that the position was open to non-TDARS employees, which contradicts the requirements for the OUM position. *Id.* at 3. Loveless also highlights the different answers provided by the two successful candidates as well as Loveless in response to Interview Question 3, which covered the knowledge each candidate had about the Social Security Administration's disability program, as evidence that TDARS discriminated against her. *Id.* at 4.

As an initial matter, the Court notes that Loveless presents no argument rebutting TDARS's contention that all claims against TDARS based upon its failure to promote Loveless in May/June 2010 and November 2010 should be dismissed. In fact, in her response to TDARS's Motion for Summary Judgment, Loveless explicitly states that she "is only pursuing her claims of racial discrimination for the April 2010 denial of promotions to two Operations Unit Manager (OUM) positions." Dkt. No. 16 at 1. Additionally, Loveless has submitted no evidence pertaining to TDARS's hiring decisions for the open OUM positions in May/June 2010 or November 2010. Consequently, the Court finds that there is no genuine issue of material fact with regard to Loveless's claims of racial discrimination and retaliation pertaining to TDARS's hiring decisions in May/June 2010 and November 2010, and **RECOMMENDS** that the District Judge **GRANT** TDARS's Motion for Summary Judgment on these claims.

Title VII prohibits employers from discriminating based on an individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e–2(a). Where, as here, a plaintiff only relies on circumstantial evidence, the Court must apply the familiar analytical framework from the *McDonnell*

*Douglas* case for Title VII claims. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007). Pursuant to that framework, Loveless first must make a *prima facie* case of discrimination based on race. *Vaughn v. Woodforest Bank*, 665 F.3d 632, 636 (5th Cir. 2011); *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004). To establish a *prima facie* case for a failure to promote claim, Loveless must show that "[she] (1) is a member of a protected class; (2) she sought and was qualified for the position; (3) she was rejected for the position; and (4) that the employer continued to seek applicants with [Loveless's] qualifications." *Haynes v. Pennzoil Co.*, 207 F.3d 296, 300 (5th Cir. 2000). If Loveless sufficiently states a *prima facie* case, the "burden of production shifts to [TDARS] to articulate a legitimate, nondiscriminatory reason for its actions." *Id*. TDARS's burden is satisfied when it produces evidence that "*taken as true*, would *permit* the conclusion that there was a nondiscriminatory reason for the adverse action." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509 (1993) (emphasis in original). Should TDARS present sufficient evidence to support a legitimate, nondiscriminatory reason for its actions, the burden shifts back to Loveless to show "that [TDARS's] proffered reason is not true, but instead is a pretext for intentional discrimination." *Price v. Fed. Exp. Corp.*, 283 F.3d 715, 720 (5th Cir. 2002); *see also Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 (5th Cir. 1999). Here, Loveless "must substantiate [her] claim of pretext through evidence demonstrating that discrimination lay at the heart" of the employer's decision. *Price*, 283 F.3d at 720. The only remaining question at this stage is "whether there is a conflict in substantial evidence to create a jury question regarding discrimination." *Haynes*, 207 F.3d at 300.

In its Motion for Summary Judgment, TDARS argues that even if Loveless has established a *prima facie* case of racial discrimination under Title VII, summary judgment should still be granted

because Loveless has failed to demonstrate that she is clearly better qualified than the candidates selected for the OUM positions in April 2010. Dkt. No. 11 at 8. More specifically, TDARS highlights that the candidates selected for the open OUM positions in April 2010 obtained higher scores than Loveless on the Optional Matrix Tools used by TDARS during the hiring process. *Id.* at 9. TDARS notes that Loveless's own beliefs about her qualifications are not sufficient to defeat summary judgment in this case. *Id.* In response, Loveless points to two factors which she believes demonstrate that TDARS's proffered reasons for not selecting her are false. In particular, Loveless contends that TDARS ignored (1) the job requirements for the OUM position, one of which was that applicants had to be from TDARS's Disability Determination Services division and (2) the requirement that candidates be knowledgeable about the Social Security Disability program. Dkt. No. 16 at 3–5. Based on these two issues, Loveless argues that summary judgment should not be granted.

After reviewing the parties' pleadings as well as the evidence submitted, the Court concludes that Loveless has not demonstrated that a genuine issue of material fact exists about whether TDARS's proffered reason for not promoting Loveless was a pretext for discrimination. TDARS maintains that Loveless was not promoted because other applicants were better qualified for the OUM positions than Loveless. The summary judgment evidence reveals that TDARS utilized a two-step process to screen applicants for the OUM positions in April 2010. Dkt. No. 12, Appendix 2, ¶ 5. At the initial step, applications were screened using the Optional Matrix Tool. *Id.* ¶ 4. The eight applicants with the highest scores on the Optional Matrix Tool, including Loveless, were selected for interviews and skills testing. *Id.* ¶ 5; *see also* Dkt. No. 17, Attachment 8. Based on the applicants' interview scores, Loveless ranked sixth out of the eight candidates who were interviewed.

Dkt. No. 11, Appendix 2, ¶ 7; Dkt. No. 17, Attachment 8. The two candidates with the highest interview scores were hired. Dkt. No. 11, Appendix 2, ¶¶ 8–9. The interviewer stated that the two successful candidates evidenced more experience and skills in management than Loveless. *Id.* ¶ 10.

This evidence establishes that TDARS had a non-discriminatory reason for not promoting Loveless—*i.e.*, Loveless was not the most qualified candidate and the other candidates performed better on the interview. At the summary judgment stage, the burden thus shifts back to Loveless to show that this proffered reason was actually a pretext for discrimination. To satisfy her burden, Loveless can demonstrate that she was "clearly better qualified" for the OUM position than the successful candidates. *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 882 (5th Cir. 2003). The Fifth Circuit has recognized that "the bar is set high for this kind of evidence because differences in qualifications are generally not probative evidence of discrimination unless those disparities are 'of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question.'" *Celestine v. Petroleos de Venez. SA*, 266 F.3d 343, 357 (5th Cir. 2001) (citing *Deines v. Tex. Dep't of Protective and Regulatory Servs.*, 164 F.3d 277, 280–81 (5th Cir. 1999)). The Fifth Circuit has further cautioned that the judicial system is not well suited to evaluate qualifications for specific positions and that "unless disparities in curricula vitae are so apparent as virtually to jump off the page and slap [the court] in the face," the courts should refrain from substituting their judgment for those making the hiring decisions. *See, e.g.*, *E.E.O.C. v. La. Office of Cmty. Servs.*, 47 F.3d 1438, 1445 (5th Cir. 1995) (internal citations omitted). Based on the evidence currently before the Court, Loveless has not met her burden.

Although Loveless's summary judgment evidence shows that she may be qualified for the OUM position, she did not demonstrate that she is "clearly better qualified" than the two successful candidates. The evidence shows that Loveless began working at TDARS in December 1999 as a Disability Examiner. Dkt. No. 11, Appendix 1 at 33. Loveless became a Program Consultant in August 2006. Dkt. No. 11, Appendix 9. This evidence is probative of Loveless's qualifications, but it does not show that Loveless was "clearly better qualified" than the two successful applicants nor does it raise a fact question about whether TDARS's non-discriminatory reason for promoting her to the OUM position was merely pretext for racial discrimination. While Loveless emphasizes that her knowledge of the Social Security Disability program makes her a better qualified candidate, she neglects several other considerations listed by TDARS. For example, the job listings provided by Loveless all show that the OUM position also required effective communication, management, and organization skills as well as the ability to coordinate with other departments, develop budget requests, and manage expenditures. Dkt. No. 17, Attachments 9, 11, and 15. Loveless has not presented evidence, nor does she contend, that she was more qualified than the two successful applicants with regard to these other considerations.

Furthermore, to the extent Loveless complains about the subjective nature of TDARS's selection process, she has also failed to show pretext. "The mere fact that an employer uses subjective criteria is not . . . sufficient evidence of pretext." *Manning*, 332 F.3d at 882. Loveless argues that she provided a superior answer to Interview Question 3 when compared to the two successful candidates. Dkt. No. 16 at 4–5. This question asked how each applicant would administer the OUM's responsibility of making sure that the decisions made by the Disability Specialists were well-documented, accurate, and timely. *See, e.g.*, Dkt. No. 17 at attachments 1-3.

Loveless's assertion that her answer was superior to that of the two selected applicants appears to be based primarily on her personal opinion and belief.  One of the candidates discussed effective documentation and regular meetings.  Dkt. No. 17, Attachment 2.  The other candidate talked about his current job responsibilities.  Dkt. No. 17, Attachment 3.  This evidence does not demonstrate that Loveless is "clearly better qualified" than the two candidates selected.  Case law states that a court may not re-evaluate or question the decisions of an employer when the evidence fails to show that the plaintiff is "clearly better qualified."  *See, e.g.*, *La. Office of Cmty. Servs.*, 47 F.3d at 1445.  Furthermore, as mentioned previously, candidates were not evaluated based on a single criterion and certainly not on a single answer.  TDARS's interview evaluation contained at least ten questions.  *See, e.g.*, Dkt. No. 17, Attachments 1, 2, and 3.  Loveless has not demonstrated that she was "clearly better qualified" than the two selected applicants.

Loveless also fails to present evidence of pretext for her remaining contention—that TDARS improperly opened up the OUM position to all applicants instead of restricting the applicants to current TDARS Disability Determination Services employees.  "Failure to follow internal procedures is generally not enough to create a genuine issue of fact as to discriminatory motives."  *Grubb v. Sw. Airlines*, 296 Fed.Appx. 383, 390 (5th Cir. 2008) (per curiam).  A violation of internal policies does not, by itself, preclude summary judgment.  *Paris v. Sanderson Farms, Inc.*, No. 13–20239, 2013 WL 5670899 at *4 (5th Cir. Oct. 18, 2013).  When considering whether a violation of internal policies gives rise to evidence of pretext, the Court considers the nature of the internal policy and the extent of the deviation in the particular case in light of all the other relevant facts.  *Id.*  Here, Loveless argues that TDARS ignored the requirement that the OUM positions available in April 2010 were limited to existing employees in the TDARS Disability Determination Services.  Dkt. No.

16 at 5. Yet the record indicates that the Senior Director for TDARS Disability Determination Services approved the job posting for the OUM positions in March 2010. Dkt. No. 20, Appendix 15, ¶ 4. The evidence also shows that the decision to open the application to all applicants was due to the Senior Director's "desire to hire people with a high level of managerial skills related to the OUM position." *Id.* ¶ 5. In light of all the other relevant facts, this evidence establishes a legitimate, non-discriminatory reason for permitting applications to be submitted by individuals who were not employed by the TDARS Disability Determination Services division. Other than Loveless's own assertion that this requirement was ignored to discriminate against her based on her race, she points to no evidence demonstrating a connection between TDARS's decision to allow any candidate to apply for the OUM positions in April 2010 and her race. In fact, the evidence indicates that TDARS has promoted African-Americans from the position of Program Consultants to OUM and that at least one African-American occupies a Director position, which is senior to the OUM position. Dkt. No. 11, Appendix 1 at 88–90. There is simply no evidence to indicate that TDARS's decision to allow all applicants was motivated by Loveless's race. Therefore, the Court concludes that Loveless has not carried her burden of showing that TDARS's proffered reason was pretext for discrimination.

## IV.  RECOMMENDATION

In accordance with the preceding analysis, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendant Texas Department of Assistive and Rehabilitative Services's Motion for Summary Judgment (Dkt. No. 11).

## V.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 25th day of February, 2014.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE